URIAH FURLONG, *in Equity, versus* HOLLIS RANDALL *& als.*

Where judgment had been rendered against a mortgager, and a writ of pos-
session issued, under which the mortgagee had been put in possession of
the premises, and, fifteen years afterwards, the mortgager brings a bill in
chancery, alleging that the amount, adjudged to be due at the time of
judgment, was paid before possession was taken, and claiming to redeem,
the burden of proof of payment will be upon him; and, if he fails clearly to
prove the alleged payment, the bill will be dismissed with costs.

BILL IN EQUITY to redeem a parcel of land in Portland.
The case was heard on bill, answers and proof. The allega-
tions and nature of the proof appear in the opinion of the
Court.

*Howard & Strout,* for the plaintiff.

*Anderson & Webb,* for the defendants.

The opinion of the Court was delivered by

DAVIS, J. — The premises in controversy were mortgaged
to Nathaniel Crockett, August 25th, 1834. This mortgage
was assigned by Crockett to Job Randall, under whom the
respondents claim, October 16th, 1838. Randall commenced
a suit to recover possession of the premises, and obtained a
conditional judgment therefor, June 27th, 1839. The amount
adjudged to be due upon the mortgage was $60,85. This
amount not having been paid within two months from the
date of the judgment, a writ of possession was issued, and
Randall took actual possession of the premises, Nov. 8th,
1839. He died soon afterwards; and his heirs and their
grantees have been in possession ever since that time.

The petitioner alleges that the amount adjudged to be due
upon the mortgage, though not paid within two months, was
afterwards paid by him and received by Randall in full dis-
charge of the judgment and mortgage; and he testifies that
this payment was just before Randall took possession of the
premises. To prove this alleged payment and discharge, he

relies upon his own testimony, and that of Isaac Fuller, who testifies that he was present when the amount was paid.

To rebut this testimony, the respondents have introduced the depositions of Margaret and Sarah Randall, the wife and daughter of Job Randall. They both testify that they lived with said Randall prior to and until his decease; and that they had no knowledge of any payment such as the petitioner asserts; and that if any such payment had been made at the time alleged, they would have known it. Fuller testifies that one of these witnesses was present at the time of payment. The testimony of these witnesses is of a negative character; but it is strengthened by the circumstances of the case. If payment was made after judgment, and a writ of possession had been issued, and the claim was thus discharged, it is difficult to understand why no written discharge or receipt was given. It is still more difficult to understand, if such was the fact, as understood by the parties, why Randall immediately afterwards took possession of the premises by force of his writ; or why the petitioner under such circumstances acquiesced therein, without any attempt to regain possession for nearly sixteen years. Such conduct on the part of both parties is inconsistent with the allegation that the mortgage had been previously paid and discharged. The burden of proof to establish the fact of such payment is upon the petitioner; and the testimony adduced by him is so weakened and impaired, by other facts and circumstances proved, that we are not satisfied that he is entitled to recover. The bill must be dismissed with costs for the respondents.

Tenney, C. J. and Cutting, May, and Goodenow, J. J., concurred.